## PEARSON, et al v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF TARPON SPRINGS.
### No. 59998.
Circuit Court, Pinellas County.
September 27, 1961.

Bussey, Simmons & Owen, St. Petersburg, for plaintiffs.

Krentzman & Mackenzie, Clearwater and James M. Stevens, Tarpon Springs, for defendants.

ORVIL L. DAYTON, Jr., Circuit Judge.

Plaintiffs are members of the First Federal Savings and Loan Association of Tarpon Springs. This action is brought against the association, a corporation, and certain individual defendants who are a majority of the board of directors. Plaintiffs seek the ouster of individual defendants as directors of the corporation, and to have such individual defendants enjoined from acting as members of loan committees, managing committees, appraisers or inspectors, or otherwise acting in control of the corporation. Plaintiffs further ask that the court nullify the proxies whereby defendants are alleged to have gained control of the corporation and to have the court call a special meeting for the election of new directors. Plaintiffs further seek the appointment of a receiver until such time as an election can be held, and the reinstatement of plaintiff, Tazwell W. Pearson, as president of the corporation.

In addition to the four above-stated prayers for relief, plaintiffs pray that individual defendants be required to return the corporation to the position which it held prior to the unlawful

acts complained of, or in the alternative, that a money judgment be granted sufficient to reimburse the corporation for its losses. There are additional prayers for the award of attorney fees and for general relief.

Defendants have moved to dismiss the complaint because of lack of jurisdiction and the cause now comes before this court upon such motion to dismiss.

The court is indebted to counsel for the respective parties for their diligent research and able arguments presented in an all day hearing before this court in St. Petersburg on September 19, 1961. The court is likewise indebted to counsel for the Federal Home Loan Board for a brief filed as amicus curiae.

The Home Loan Bank Board was created by Act of Congress in 1933. The Act of Congress authorized the Home Loan Bank Board to adopt rules and regulations for the operation and supervision of federal savings and loan associations. It is urged by counsel for defendants that members of a federal savings and loan association who feel themselves aggrieved by action of the governing body of such association must first exhaust the administrative remedies provided by the Act of Congress and regulations of the Home Loan Bank Board before resort to the courts for relief can be had.

It is contended by counsel for plaintiffs that this is a derivative action brought by members of the corporation in the actual interest of the corporation to correct certain abuses in the management of its affairs; to restore to the corporation any secret profits obtained by members of the board of directors contrary to the rules and regulations of the Home Loan Bank Board, and that of such derivative action a court of equity has jurisdiction. It was stated by counsel for plaintiffs that this is essentially a dispute between individual members of the corporation, and that in the 27 years of its operation the Home Loan Bank Board has never intervened in such disputes between individual members. It is further contended by plaintiffs that the remedy provided by the administrative procedure available from the Home Loan Bank Board, to-wit: the appointment of a "conservator" to manage the affairs of the corporation until such time as full compliance with the rules and regulations of the Home Loan Bank Board has been achieved, is not an adequate remedy.

The purpose of the Act of Congress which created federal savings and loan associations was to establish a uniform system for their operation and regulation throughout the fifty states and

the territories of Puerto Rico and the Virgin Islands. In order to achieve such uniformity this court considers it axiomatic that the operation, administration, supervision and regulation of such associations must be under the control of the federal agency charged with such responsibility.

To permit judicial intervention, either state or federal, until the administrative procedures provided by federal law have been exhausted would create a mass of conflicting opinions and rules for the administration of the agencies, and would result in such a condition of chaotic uncertainty that a uniform administration of the agencies would be rendered impossible. The purpose of the Act of Congress would be nullified.

The section of the Act of Congress to which federal savings and loan associations owe their origin entrusts the entire field of regulation of such association to the Home Loan Bank Board. It is the intent of such Act to provide such regulation and supervision from the inception to the dissolution of each association. Until such time as the administrative procedures available to a member have been invoked, and the question finally determined by such administrative agency, this court feels that state courts are without jurisdiction to consider complaints relative to the internal management of such federal savings and loan associations.

It is likewise axiomatic that the federal Congress may implement the operation of an agency which it has created and may preempt the field of enforcement of rules and regulations therefor in order that the operation of such agency or agencies may be uniform throughout the United States and its territories. It is the opinion of this court that Congress has preempted the field of regulation and supervision of federal savings and loan associations, and that this court is without jurisdiction to consider the first four prayers for relief in plaintiffs' bill of complaint.

With reference to the fifth prayer for relief stated above, it is the opinion of this court that the language of the complaint does not adequately state a cause of action for the recovery of the funds alleged to have been received wrongfully by the individual defendants.

Plaintiffs' bill of complaint, therefore, will be dismissed with prejudice as to the first four prayers for relief and will be dismissed with leave to amend as to the remaining prayers. An appropriate decree may be prepared from this opinion.